

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| STEVEN LANGLEY | DOCKET NO. 15-CV-1666; SEC. P |
| VERSUS | JUDGE DRELL |
| WARDEN | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus (28 U.S.C. §2254) filed by pro se Petitioner Steven Langley on April 27, 2015. Petitioner is an inmate in the custody of the Louisiana Department of Corrections (DOC) and he is incarcerated at the Rayburn Correctional Center, in Angie, Louisiana. He challenges his 2012 conviction in the Ninth Judicial District Court, Rapides Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

*Procedural History*

Petitioner states that he was convicted in July 2012 of unspecified offenses. He was sentenced to a term of imprisonment of ten years after pleading guilty to the charges against him. [Doc. #1, p.2] Petitioner states that he did not file an application for post-conviction relief, but that he filed some other unspecified motion and sought review in the Third Circuit Court of Appeals. Petitioner apparently sought review in the Louisiana Supreme Court, as well, as the jurisprudence reflects a

writ denial on February 7, 2014. See <u>State ex rel. Steven Langley v. State</u>, 2013-KH-1586 (La. 2/7/14), 131 So.3d. 853.

*Law and Analysis*

**1. Limitations - 28 U.S.C. §2244(d)(1)(A)**

Title 28 U.S.C. §2244(d)(1)(A) (as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 or AEDPA) provides a 1-year statute of limitations for the filing of applications for writ of habeas corpus by persons, such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).

The statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. <u>Ott v. Johnson</u>, 192 F.3d 510, 512 (5th Cir. 1999); <u>Fields v. Johnson</u>, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. See <u>Villegas v. Johnson</u>, 184 F.3d 467, 472 (5th Cir. 1999), <u>citing</u> <u>Flanagan v. Johnson</u>, 154 F.3d 196, 199 (5th Cir.1998). Of course, the limitations period is tolled only for as

long as the state application remains pending in the state's courts. Johnson v. Quarterman, 483 F.3d 278 (5th Cir. 2007). Federal courts may raise the one-year time limitation sua sponte. Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

In this case, Petitioner states that he did not appeal his conviction and sentence. Therefore, if the sentence was imposed on July 25, 2012, his conviction and sentence became final thirty days later, on August 24, 2012. See 28 U.S.C. §2244(d)(1)(A). Thereafter, petitioner had 1-year, or until August 24, 2013, within which to file his federal habeas corpus petition. Petitioner's federal habeas corpus petition, filed on April 27, 2015 is clearly time-barred unless he can establish that he is entitled to either statutory tolling pursuant to Section 2244(d)(2) or equitable tolling.

## 2. Statutory Tolling

Petitioner states that he did not file an application for post-conviction relief, but did file some other motion. Assuming he filed an application for post-conviction relief or some other collateral attack on his conviction, he sought further review in the Third Circuit Court of Appeal and the Louisiana Supreme Court based on the writ denial in State ex rel. Steven Langley v. State, 2013-KH-1586 (La. 2/7/14), 131 So.3d. 853. It is unknown the date on which Petitioner filed his collateral attack on his conviction and sentence. However, even giving Petitioner the benefit of

3

tolling every day from the date his conviction became final to the date of the Louisiana Supreme Court's writ denial on February 7, 2014, the petition for writ of habeas corpus is still time-barred. More than one year passed from the date of the writ denial, February 7, 2014, to the date Petitioner filed a habeas petition in this Court, April 27, 2015. Thus, the benefit of statutory tolling does not overcome the time-bar.

### 3. Equitable Tolling

The AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." In re Wilson, 442 F.3d 872, 875 (5th Cir.2006). "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct.

4

1807, 161 L.Ed.2d 669 (2005)). Petitioner offered no evidence or argument to establish his entitlement to equitable tolling.

### Conclusion

For the forgoing reasons, **IT IS RECOMMENDED** that the petition for *writ of habeas corpus* filed pursuant to §2254 be **DENIED AND DISMISSED WITH PREJUDICE** as barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

### Objections

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS**

**ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. §2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, on this ___ day of June, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE